**IN THE UNITED STATES DISTRICT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 23 2006

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| COSTCO WHOLESALE CORPORATION | § | |
| | § | |
| Defendant. | § | **H 06 0606** |

**ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING**
**ORDER AND PRELIMINARY INJUNCTION**

Farouk Systems, Inc. ("Farouk" or "Plaintiff") files this Original Complaint and Application for Temporary Restraining Order and Preliminary Injunction against Costco Wholesale Corporation ("Costco" or "Defendant") and would respectfully show the Court as follows:

**I.**
**PARTIES**

1.      Plaintiff Farouk is a Texas corporation with its principal place of business in Houston, Texas.

2.      Defendant Costco is a Washington corporation authorized to business in and doing business in the State of Texas. Costco has its principal place of business in Issaquah, Washington. Costco may be served with process in Texas through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, TX 75201.

**II.**
**JURISDICTION AND VENUE**

3.      The United States District Court for the Southern District of Texas has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action

involves federal trademark rights, federal Lanham Act violations, and other federal causes of action.

4.     This Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 in that this matter is a civil action between citizens of different states wherein the amount in controversy is believed to exceed the sum of $75,000, exclusive of interest and cost. The Plaintiff is a Texas corporation with its principal place of business in Houston, Texas. The Defendant is a resident of the state of Washington, doing business in Texas, and has systematic and continuous contact with the state of Texas. Defendant does business in Harris County, Texas, and a substantial part Defendant's acts and conduct giving rise to the claims herein occurred in Harris County, Texas.

### III.
### FACTUAL BACKGROUND[1]

5.     Farouk is an international manufacturer and seller of a wide range of beauty and hair care products. Farouk has been in the hair care business for nearly two decades and has a worldwide presence in the industry. Farouk has developed and refined its specialized product line to such an extent that it is currently one of the recognized leaders in the beauty and hair care industry.

6.     One of Farouk's marquis products is a hair care treatment product known as and sold under Farouk's trademarks SILK THERAPY® and BIOSILK®. Farouk's SILK THERAPY® hair care products are not sold through retail outlets to the general public but are instead sold to individuals in salons and to professional hair stylists in stores where customers are limited to such professional hair stylists. SILK THERAPY® is an extremely popular product that represents a substantial portion of Farouk's revenue and has been rated in at least one

---

[1] This Complaint is supported by the affidavit of Chris Marteeny, which is attached hereto and incorporated herein for all purposes as Exhibit A.

publication as the second most important item a woman "can't live without."  SILK THERAPY® is sold throughout the world and is a highly successful product.

7.      BIOSILK® is a federally registered trademark of Farouk Systems, Inc.  A true and correct copy of the United States Patent and Trademark Office Certificate of Registration No. 1,835,109, is attached hereto and incorporated herein as Exhibit "A-1."   Similarly, SILK THERAPY® is a registered trademark of Farouk Systems, Inc.  A true and correct copy of the United States Patent and Trademark Office Certificate of Registration No. 2,409,833 is attached hereto and incorporated herein as Exhibit "A-2."  These registrations are valid, subsisting, and in full force and effect.

8.      The trademarks BIOSILK® and SILK THERAPY® (the "Marks") are associated exclusively with Farouk.  Farouk has used BIOSILK® in interstate commerce continuously since 1993.  Farouk has used SILK THERAPY® in interstate commerce continuously since 1993.  As a result of Farouk's marketing of its products and the extensive advertising and other business generation efforts to promote the Marks, the Marks have become well-known in the Houston metropolitan area, the State of Texas, the United States, and globally as identifying Farouk's products and business.  Customers and potential customers in these areas have come to identify the Marks as originating with Farouk.   Consequently, Farouk has developed substantial recognition among the consuming public for its high quality products sold under the Marks and has acquired and enjoys a valuable reputation and significant goodwill associated with the Marks.

9.      Farouk's use of the Marks in the hair care industry has been exclusive.  As a result of this exclusive use of the Marks and the long and widespread use that has been made by Farouk of the Marks, there is substantial recognition and association of the Marks with Farouk by the consuming public for hair care products.

10. Recently, Farouk learned that Defendant Costco is repackaging and selling Farouk's SILK THERAPY® hair care products without Farouk's permission. Unlike the salons and stores that cater exclusively to professional hair stylists where Farouk's products are authorized for sale, Costco is a wholesale warehouse chain focused on selling products at low prices, often at very high volume. Indeed, Costco is selling repackaged bottles of Farouk's SILK THERAPY® for almost half the normal retail price. Accordingly, Defendant's sales of Farouk's SILK THERAPY® hair care products are diminishing the value of the Marks.

11. Moreover, Costco is selling Farouk's SILK THERAPY® hair care products to its customers in different packaging. *See* true and correct copies of photographs of repackaged SILK THERAPY® hair care products purchased at Costco, which are attached hereto and incorporated herein as Exhibit "A-3." Although Farouk's SILK THERAPY® hair care products are always sold by the bottle, Costco is repackaging bottles of Farouk's SILK THERAPY® hair care product for sale in either a clear, blister-pack type package with no writing or labeling or in black cardboard and clear plastic packaging with "Biosilk" printed across the front in white letters and with "Biosilk" and "Silk Therapy" and other product-related information written in white on the back of the cardboard package. *See* Ex. A-3. Neither the unauthorized blister-pack packaging nor the unauthorized black cardboard packaging discloses that the repackaging of Farouk's SILK THERAPY® product was done by Costco, and not by Farouk. Indeed, neither package makes any mention of Costco's role or responsibility for repackaging the products. Consequently, any Costco customer viewing the repackaged SILK THERAPY® hair care products would likely assume that the repackaging was undertaken by Farouk, and that Farouk is the true source of the repackaging, rather than Costco.

12. Costco's black cardboard packaging of Farouk's SILK THERAPY® hair care products also makes substantial unauthorized use of the Marks. Specifically, the packaging

emphasizes Farouk's BIOSILK® Mark by printing only the word "Biosilk" across the front of the package in large white letters. Additionally, both Marks appear conspicuously on the back of the package, which also copies the text from the back of each bottle of Farouk's SILK THERAPY®. However, nowhere on the packaging does Costco indicate that either of the Marks are registered trademarks belonging to Farouk or that Farouk is not responsible for the packaging.

13.     Costco's unauthorized repackaging of Farouk's SILK THERAPY® hair care products and unauthorized use of Farouk's Marks SILK THERAPY® and BIOSILK® in association with the sale of unauthorized and anonymously repackaged SILK THERAPY® hair care products is likely to cause confusion and has caused actual confusion and, as a result, infringes upon Farouk's trademark rights. Defendant's unauthorized repackaging of Farouk's SILK THERAPY® products fails to disclose or identify Costco's role in repackaging the products, fails to inform purchasers that Farouk is not responsible for the repackaging, and fails to indicate who is responsible for the repackaging listed thereon. Consequently, there is a substantial likelihood that consumers will be confused, misled or deceived. Furthermore, Defendant's sales of Farouk's SILK THERAPY® hair care products in Costco wholesale warehouses without Farouk's permission are diluting the value of the Marks and damaging the goodwill and high quality reputation of Farouk's SILK THERAPY® products.

## IV.
## CAUSES OF ACTION

**A.     Trademark Infringement and Unfair Competition Under the Lanham Act**

14.     Costco's improper repackaging of Farouk's SILK THERAPY® hair care products and its unauthorized use of Farouk's Marks SILK THERAPY® and BIOSILK® is confusing to

consumers and constitutes infringement of Farouk's trademark rights in violation of the Lanham

Trademark Act ("Lanham Act").  Costco's unauthorized and improper repackaging of Farouk's

SILK THERAPY® product violates Section 43 of the Lanham Act which prohibits the use of a

trademark in such a manner as is likely to cause confusion as to the source of the goods bearing

the trademark.  *See* 15 U.S.C. § 1125.  Costco's use of the Marks also violates Section 32 of the

Lanham Act prohibiting the unauthorized use of a trademark which is likely to cause confusion.

*See* 15 U.S.C. § 1114.

15.   Costco's unauthorized repackaging of Farouk's SILK THERAPY® hair care

products is confusing to the public as to Farouk's role in the repackaging because the packaging

does not disclose to the public that it is Costco that has repackaged Farouk's BIOSILK® and

SILK THERAPY® products, rather than Farouk.  Indeed, Defendant has made no attempt to (1)

disclose that the repackaging of Farouk's SILK THERAPY® product was independently

undertaken by Costco, and not Farouk, (2) disclose that Costco is not connected with Farouk, and

(3) identify who was responsible for the repackaging.  Defendant has failed to comply with the

requirements as initially set forth in *Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924).  As a result,

purchasers of the repackaged SILK THERAPY® at Costco will likely be confused and assume

that Farouk, rather than Costco, undertook the repackaging of the SILK THERAPY® hair care

products.

16.   Moreover, Costco's unauthorized use of the Marks, and its emphasis of Farouk's

BIOSILK® Mark, will likely cause confusion to the public.  Costco's black cardboard packaging

of Farouk's SILK THERAPY® product emphasizes Farouk's BIOSILK® Mark by printing only

the word "Biosilk" across the front of the package in large white letters.  Moreover, on the back

of the package, Farouk's Marks appear conspicuously, and the text from the back of each bottle

of Farouk's SILK THERAPY® appears in white text.  Yet, Costco has failed to indicate on the

packaging that either of the Marks are registered trademarks belonging to Farouk and that Farouk is not responsible for or affiliated with Costco's repackaging of the products. Defendant's unauthorized repackaging of Farouk's SILK THERAPY® hair care products falsely indicates to the public that the packaging is in some manner affiliated with, connected with, sponsored by, or related to Farouk and its business.

17.     Defendant is currently repackaging and selling the product at issue and will continue to do so unless enjoined from doing so by this Court. If Costco is allowed to continue to sell either version of the repackaged SILK THERAPY® hair care product, the distinctiveness of the Farouk Marks will be diminished or destroyed. Farouk will also lose its goodwill created by the Farouk Marks. The continuing acts of Defendant are jeopardizing the goodwill of Farouk and its valuable Marks, and such acts have caused and are causing irreparable injury to Farouk and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to Farouk and to the public, for which there is no adequate remedy at law.     Accordingly, Farouk seeks injunctive relief prohibiting the infringing acts by Defendant complained of herein.

18.     Additionally or in the alternative, Farouk seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts. Moreover, Farouk seeks punitive, additional, and enhanced damages from Defendant.

**B.     Texas Trademark Violations and Common Law Trademark Infringement and Unfair Competition**

19.     Farouk hereby adopts and incorporates by reference the allegations as set forth in the preceding paragraphs as if fully set forth herein.

20.     The acts of Defendant complained of above constitute trademark infringement and unfair competition under Tex. Bus. & Com. Code § 16.26 as well as the common law of the State of Texas. As a result of the infringement and unfair competition by Defendant, Farouk has

suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of infringement by Defendant have resulted in substantial unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. Such acts of trademark infringement and unfair competition are causing harm to Farouk.

21.     The continuing acts of Defendant are jeopardizing the goodwill of Farouk and its valuable Marks, and such acts have caused and will continue to cause irreparable injury to Farouk and to the consuming public. Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to Farouk and to the public, for which there is no adequate remedy at law. Additionally or in the alternative, Farouk seeks an accounting and its actual and consequential damages as a result of Defendant's infringing acts which have resulted in confusion among the public. Moreover, Farouk seeks punitive and enhanced damages, for Defendant's willful conduct.

**C.      Request for Monetary Relief, Treble Damages and Attorneys Fees**

22.     Farouk hereby adopts and incorporates by reference the allegations as set forth in the preceding paragraphs as if fully set forth herein.

23.     The acts of Defendant complained of above have resulted in confusion to public. Accordingly, Pursuant to 15 U.S.C. § 1117(a), Farouk is entitled to recover 1) Defendant's profits; 2) any damages sustained as a result of Costco's infringing acts; and 3) the costs associated with this causes of action.

24.     Moreover, Farouk is entitled to an award of treble damages, as well as an award of punitive damages pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendant's intentional use of the Marks, its knowingly improper repackaging of Farouk's SILK THERAPY® products for sale at Costco stores, and its gross, wanton, or willful conduct.

25.     Furthermore, as a result Defendant's actions, Farouk has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights.   These fees and expenses are necessary and reasonable in order to prosecute this matter. Accordingly, Farouk requests that it be granted an award of attorneys' fees as a result of Defendant's actions.

**D.     Application for Temporary Restraining Order and Preliminary Injunction**

26.     Farouk hereby adopts and incorporates by reference the allegations as set forth in the preceding paragraphs as if fully set forth herein.

27.     Farouk is entitled to, and hereby requests, a permanent injunction prohibiting further infringement and unfair competition by Defendant because Defendant's use of Farouk's Marks, its unauthorized repackaging, and its other infringing acts create a likelihood of confusion among consumers.   It is essential that the Court restrain Defendant from further improperly repackaging Farouk's SILK THERAPY® products for sale at Costco stores and utilizing the Marks because the value of the Marks, Farouk's business and its relationships with existing and prospective customers and consumers is directly and irreparably harmed by the confusion resulting from Defendant's continued infringement and unfair competition.

28.     It is indisputable that Farouk is the exclusive owner of the Marks. *See* Exs. A, B. It is also indisputable that Farouk is the senior user of the Marks and thus has common-law trademark rights to the Marks by virtue of having used the Marks since as early as 1993 (long before Defendant's infringing use).   Consequently, the only issue in this case is whether there is a likelihood of confusion.

29.     "[T]he gravamen for any action of trademark infringement or common law unfair competition is whether the challenged mark is likely to cause confusion." *Marathon Mfg. Co. v. Enerlite Prod. Co.,* 767 F.2d 214, 217 (5th Cir. 1985)2; *see also* TEX. BUS. & COM. CODE §

16.26(a) (to enjoin trademark infringement under Texas statute, likelihood of confusion in the marketplace must be shown). Here, there is no doubt that Defendant's infringing acts will likely result in confusion to the public. By repackaging Farouk's SILK THERAPY® products for sale at Costco stores, and by making no mention of Costco's role as repackager or informing the public that Farouk was not in any way affiliated with the repackaging, Defendant has created a likelihood of confusion as to the source of the goods and the packaging. *See Coty*, 264 U.S. at 269.

30.     Without the requested injunctive relief, Farouk will suffer considerable, immediate and irreparable harm. Likelihood of confusion, due to the use of a confusingly similar mark, by its very nature causes irreparable harm. *See Chemlawn Services Corp. v. GNC Pumps, Inc.*, 690 F. Supp. 1560, 1569 (S.D. Tex. 1988), *aff'd.*, 856 F.2d. 20 (Fed. Cir. 1988). Here, Defendant is using marks identical to Farouk's Marks. Moreover, Farouk risks irreparable injury from the erosion of the identification of the Marks with Farouk. *Geo. Washington Mint, Inc. v. Washington Mint, Inc.*, 349 F.Supp. 255, 263, (S.D.N.Y. 1972) ("Attrition of the aura of exclusivity . . . to plaintiff's good will" constitutes irreparable injury). If Defendant is allowed to continue to use the Marks, sell Farouk's SILK THERAPY® products without permission, and improperly repackage Farouk's products, consumers may believe that Defendant is somehow connected with Farouk or that Farouk is somehow connected with Costco's packaging. As a result, Farouk's SILK THERAPY® products' exclusivity and high quality appeal and reputation will be diminished.

31.     Without the requested injunctive relief, Farouk will have no adequate remedy for the damages it has suffered and is continuing to suffer as a result of Defendant's unauthorized use of the Marks and other infringing acts. A legal remedy is inadequate if damages are difficult to calculate or their award may come too late.

32.     The facts set out above establish: (i) that Defendant's unauthorized repacking and sale of Farouk's SILK THERAPY® hair care products, its unauthorized and improper use of the Marks BIOSILK® and SILK THERAPY®, and its continued sale of such products are causing irreparable injury to Farouk, (ii) that Farouk is likely to succeed on the merits of its claims, (iii) that the balance of hardships favors enjoining further improper repackaging of Farouk's SILK THERAPY® product and unauthorized use of the Marks BIOSILK® and SILK THERAPY® or other Marks confusingly similar to those Marks, and (iv) that granting such an injunction will not disserve the public interest.  The continuing confusion that is being created on a daily basis by the Defendant demonstrates that immediate and irreparable injury, loss or damage will result to Farouk if Defendant's conduct is not enjoined.  However, the Defendant faces no significant harm from the requested injunction because it is believed that Defendant has only recently begun repackaging and selling Farouk's SILK THERAPY® products and using the Marks.  As such, the balance of equities here strongly favors the issuance of an injunction.

33.     Accordingly, pursuant to Rule 65(b), Farouk seeks an immediate temporary restraining order prohibiting and restraining Defendant from repackaging Farouk's SILK THERAPY® hair care products, and from continuing to sell or display Farouk's repackaged SILK THERAPY® products, and from selling or displaying any Farouk products containing infringing uses of the Marks.  Farouk is further entitled to, and hereby requests, a Preliminary Injunction until the time of trial prohibiting these same acts.

34.     This Application for Temporary Restraining Order and for Preliminary Injunction is supported by the verification of Chris Marteeny, which is attached hereto and incorporated herein by reference for all purposes.

35.     Farouk requests a trial by jury in this case.

## V.
## CONCLUSION AND PRAYER

36.    WHEREFORE, Farouk respectfully requests that a temporary restraining order issue without notice restraining Defendant from repackaging Farouk's SILK THERAPY® hair care products, and from continuing to sell or display Farouk's repackaged SILK THERAPY® products, and from selling or displaying any Farouk products containing infringing uses of the Marks. Following a hearing on the Application for Preliminary Injunction, Farouk requests that the Court make the temporary restraining order a preliminary injunction prohibiting and restraining Defendant from repackaging Farouk's SILK THERAPY® hair care products, and from continuing to sell or display Farouk's repackaged SILK THERAPY® products, and from selling or displaying any Farouk products containing infringing uses of the Marks. Farouk further requests that the Court award it damages as set forth and requested herein. After trial or other hearing of this matter, Farouk requests a permanent injunction against Defendant's infringing use of Farouk's Marks, and Farouk seeks a judgment entitling it to recover its actual, consequential, incidental, special, and enhanced damages from Defendant, including but not limited to a disgorgement of all profits made by Defendant as a result of its wrongful acts and a recovery of all sums by which Defendant has been unjustly enriched, together with pre-judgment interest on such damages at the maximum allowable rate, and post-judgment interest on all amounts awarded until paid. Farouk further seeks a judgment entitling it to recover from Defendant its costs and attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117. Farouk further requests such additional relief to which it may show itself justly entitled.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: _____
      Phillip L. Sampson, Jr.
      Texas State Bar No. 00788344

      Marit M. Babin
      Texas State Bar No. 24045432

711 Louisiana, Suite 2300
Houston, Texas   77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopier)

ATTORNEYS FOR PLAINTIFF FAROUK
SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| COSTCO WHOLESALE CORPORATION | § | |
| | § | |
| | § | |
| Defendant. | § | |

STATE OF TEXAS          §
                                      §
COUNTY OF HARRIS    §

## AFFIDAVIT OF CHRIS MARTEENY

Before me the undersigned authority, on this day personally appeared Chris Marteeny, a person known to me, who being duly sworn did depose and say:

1.      My name is Chris Marteeny. I am the Vice President and C.F.O. of Farouk Systems, Inc. ("Farouk"). I am over the age of 21, and have never been convicted of a felony or crime involving moral turpitude. I am authorized and competent to make this affidavit. Because of my duties with Farouk I have personal knowledge of the facts set forth in this Affidavit, and these facts are true and correct. I have read Plaintiff's Original Complaint and Application for Temporary Restraining Order and Preliminary Injunction and all facts asserted therein are true and correct.

2.      Farouk is an international manufacturer and seller of a wide range of beauty and hair care products. Farouk has been in the hair care business for nearly two decades and has a worldwide presence in the industry. Farouk has developed and refined its specialized product line to such an extent that it is currently one of the recognized leaders in the beauty and hair care industry.

3.      One of Farouk's marquis products is a hair care treatment product known as and sold under Farouk's trademarks SILK THERAPY® and BIOSILK®. Farouk's SILK THERAPY® hair care products are not sold through retail outlets to the general public but are instead sold only to individuals in salons and to professional hair stylists in stores where customers are limited to such professional hair stylists. SILK THERAPY® is an extremely popular product that represents a substantial portion of Farouk's revenue and has been rated in at least one publication as the second most important item a woman "can't live without." SILK THERAPY® is sold throughout the world and is a highly successful product.



Exhibit A

4.     BIOSILK® is a federally registered trademark of Farouk Systems, Inc.  A true and correct copy of the United States Patent and Trademark Office Certificate of Registration No. 1,835,109, is attached hereto and incorporated herein as Exhibit "A-1".   Similarly, SILK THERAPY® is a registered trademark of Farouk Systems, Inc.  A true and correct copy of the United States Patent and Trademark Office Certificate of Registration No. 2,409,833 is attached hereto and incorporated herein as Exhibit "A-2".  These registrations are valid, subsisting, and in full force and effect.

5.     The trademarks BIOSILK® and SILK THERAPY® (the "Marks") are associated exclusively with Farouk. Farouk has used BIOSILK® in interstate commerce continuously since 1993. Farouk has used SILK THERAPY® in interstate commerce continuously since 1993. As a result of Farouk's marketing of its products and the extensive advertising and other business generation efforts to promote the Marks, the Marks have become well-known in the Houston metropolitan area, the State of Texas, the United States, and globally as identifying Farouk's products and business. Customers and potential customers in these areas have come to identify the Marks as originating with Farouk.  As a consequence, Farouk has developed substantial recognition among the consuming public for its high quality products sold under the Marks and has acquired and enjoys a valuable reputation and significant goodwill associated with the Marks.

6.     Farouk's use of the Marks in the hair care industry has been exclusive.  As a result of this exclusive use of the Marks and the long and widespread use that has been made by Farouk of the Marks, there is substantial recognition and association of the Marks with Farouk by the consuming public for hair care products.

7.     Recently, Farouk learned that Defendant Costco is selling Farouk's SILK THERAPY® hair care products without Farouk's permission.   Unlike the salons and stores that cater exclusively to professional hair stylists where Farouk's products are authorized for sale, Costco is a wholesale warehouse chain focused on selling products at low prices, often at very high volume.  Indeed, Costco is selling repackaged bottles of Farouk's SILK THERAPY® for almost half the normal retail price.  Accordingly, Defendant's sales of Farouk's SILK THERAPY® hair care products are diminishing the value of the Marks.

8.     Moreover, Costco is selling Farouk's SILK THERAPY® hair care products to its customers in different packaging.  A true and correct copies of photographs of repackaged SILK THERAPY® hair care products purchased at Costco, which are attached hereto and incorporated herein as Exhibit "A-3".  Although Farouk's SILK THERAPY® hair care products are always sold by the bottle, Costco is repackaging each bottle of Farouk's SILK THERAPY® hair care product for sale in either a clear, blister-pack type package with no writing or labeling or in a black cardboard and clear plastic packaging with "Biosilk" printed across the front in white letters and with "Biosilk" and "Silk Therapy" and other product-related information written in white on the back of the cardboard package.  Ex. A-3.  Neither the unauthorized blister-pack packaging nor the unauthorized black cardboard packaging discloses that the repackaging of Farouk's SILK THERAPY® hair care was done by Costco and not by Farouk.  Indeed, neither package makes any mention of Costco's role or responsibility for repackaging the products. Consequently, any Costco customer viewing the repackaged SILK THERAPY® hair care products would likely assume that the repackaging was undertaken by Farouk, and that Farouk is

the true source of the repackaging, rather than Costco.

9.    Furthermore, Costco's black cardboard packaging of Farouk's SILK THERAPY® hair care products makes substantial and unauthorized use of the Marks.  Specifically, the packaging emphasizes Farouk's BIOSILK® Mark by printing only the word "Biosilk" across the front of the package in large white letters.  Additionally, both Marks appear conspicuously on the back of the package, which also includes a copy the text from the back of each bottle of Farouk's SILK THERAPY®.  However, nowhere on the packaging does Costco indicate that either of the Marks are registered trademarks belonging to Farouk or that Farouk is not responsible for repackaging.

10.    Costco's unauthorized repackaging of Farouk's SILK THERAPY® hair care products and unauthorized use of Farouk's Marks SILK THERAPY® and BIOSILK® in association with the sale of unauthorized and anonymously repackaged SILK THERAPY® hair care products is likely to cause confusion and has caused actual confusion and as a result, infringes upon Farouk's trademark rights.    Defendant's unauthorized repackaging of Farouk's SILK THERAPY® products for sale to Costco customers fails to disclose or identify Costco's role in repackaging the products, fails to inform purchasers that Farouk is not responsible for the repackaging, and fails to indicate who is responsible for the repackaging listed thereon. Consequently, there is a substantial likelihood that consumers will be confused, misled or deceived.  Furthermore, Defendant's sales of Farouk's SILK THERAPY® hair care products in Costco wholesale warehouses without Farouk's permission are diluting the value of the Marks and damaging the goodwill and high quality reputation of Farouk's SILK THERAPY® products.



_____
Chris Marteeny

SUBSCRIBED AND SWORN TO BEFORE ME, on this 23rd day of February 2006.

Notary Public in and for the
State of Texas
Name:

DARLENE WILSON
MY COMMISSION EXPIRES
October 21, 2006

_____Darlene Wilson_____
By: _Darlene Wilson_____

Int. Cl.: 3

Prior U.S. Cl.: 51

## United States Patent and Trademark Office

Reg. No. 1,835,109
Registered May 10, 1994

## TRADEMARK
### PRINCIPAL REGISTER

## BIOSILK

FAROUK SYSTEMS, INC. (TEXAS CORPORA-
TION)
321 CENTURY PLAZA DRIVE, SUITE 100
HOUSTON, TX 77073

FOR: HAIR CARE PREPARATIONS;
NAMELY, SHAMPOOS, CONDITIONERS,
STYLING PREPARATIONS, PERMANENT
WAVE LOTIONS, AND HAIR COLORING
PREPARATIONS, IN CLASS 3 (U.S. CL. 51).
FIRST USE 3–25–1993; IN COMMERCE
3–25–1993.

SER. NO. 74–388,071, FILED 5–10–1993.

PRISCILLA MILTON, EXAMINING ATTOR-
NEY

**Exhibit "A-1"**

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,409,833

Registered Dec. 5, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## SILK THERAPY

FAROUK SYSTEMS, INC. (TEXAS CORPORATION)
250 PENNBRIGHT
SUITE 150
HOUSTON, TX 77090

FOR: HAIR AND SKIN PREPARATIONS, NAME-LY, HAIR CONDITIONERS AND SKIN MOISTURIZ-

ERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 8–31–1993; IN COMMERCE 8–31–1993.

SEC. 2(F).

SER. NO. 75–533,221, FILED 8–6–1998.

LINDA MICKLEBURGH, EXAMINING ATTORNEY

**Exhibit "A-2"**



Exhibit "A-3"



**Exhibit "A-3"**



**Exhibit "A-3"**



ITEM 457600

# BIOSILK

## SILK THERAPY

**SHAKE WELL BEFORE USE**

**DIRECTIONS**
Place a small amount of Silk Therapy in palms and apply from the scalp to the ends. May be used on wet or dry hair or skin. Use as often as necessary.

**WARNING: FLAMMABLE. AVOID CONTACT WITH EYE. KEEP AWAY FROM CHILDREN.**

**BIEN MÉLANGEZ AVANT UTILISATION**

**MODE D'EMPLOI**
Placez une petite quantité de Cure Soyeuse dans la paume de vos mains et appliquez de la racine à la pointe. Peut être utilisé sur cheveux mouillés ou secs ou sur la peau. Utilisez aussi souvent que requis.

**AVERTISSEMENT INFLAMMABLE. Tenez hors de la pointe des enfants. Évitez le contact avec les yeux.**

**AJIIE EL PRODUCTO ANTES DE USAR**

**MODO DE EMPLEO**
Coloque una pequeña cantidad de Silk Therapy sobre la palma de la mano. Aplique desde la raíz hasta las puntas del cabello, o si se prefiere, sobre todo el cuerpo. Puede usarse en superficie seca o mojada. Aplique tantas veces como sea necesario.

**PRECAUCIÓN: PRODUCTO FLAMABLE. No se use cerca de los ojos. No se deje al alcance de los niños.**

Manufactured by / Fabriqué par /
Hecho en E.U.A. por Farouk Systems, Inc.
Houston, Texas 77099 USA
Made in USA

Exhibit "A-3"

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

FAROUK SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff   Harris County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

H 06 0606

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Phillip, L. Sampson, Jr., Bracewell & Giuliani LLP, 711 Louisiana, Suite 2300, Houston, Texas 77002

### DEFENDANTS

COSTCO WHOLESALE CORPORATION

County of Residence of First Listed Defendant   State of Washington
(IN U.S. PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

Attorneys (If Known)

FEB 23 2006

MICHAEL N. MILBY, CLERK OF COURT

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
15 U.S.C. §§1114, 1125

Brief description of cause
Trademark infringement based on repackaging activities.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified -injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   02/23/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____